UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORRIN TYLER COLBOURN,<br><br>    Plaintiff,<br><br>    v.<br><br>DONE, et al.,<br><br>    Defendants. | No. 2:19-cv-2308 JAM KJN P<br><br><br>ORDER |

I. Introduction

    Plaintiff is a prisoner in the Butte County Jail. In his civil rights complaint, plaintiff claims that kitchen staff are poisoning his food and food trays with snake venom. (ECF No. 1.) Plaintiff claims he is "pissing blood and throwing up poison," and despite submitting medical forms and using the emergency button, jail staff refuses to respond. (ECF No. 1 at 3.) The court has not screened plaintiff's complaint because he has not yet complied with this court's November 25, 2019 order.

II. Plaintiff's Motion

    On December 2, 2019, plaintiff filed a request for temporary restraining order or a preliminary injunction, again claiming he is being poisoned with snake venom, and asking for unidentified "emergency action to be taken asap." (ECF No. 7 at 1.) Plaintiff attaches documents stating he has notified various agencies about the alleged violations, including Internal Affairs.

1

Plaintiff also provided a copy of his December 21, 2018 jail grievance in which plaintiff claimed that the State of California had bugged and chipped plaintiff without his permission. (ECF No. 7 at 11.)

III. Motion for Injunctive Relief

    A. Applicable Law

A temporary restraining order may issue upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 439 (1974). In ruling on a motion for temporary restraining order, district courts apply the same factors used to evaluate a request for preliminary injunctive relief: whether plaintiff "is likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in his favor, and . . . an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) ("Because our analysis is substantially identical for the injunction and the TRO, we do not address the TRO separately.").

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter, 555 U.S. at 24 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Further, requests for prospective relief are limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA"), which requires that the court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of

the Federal right."

Finally, the pendency of an action does not give the court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491-93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491-93; Mayfield, 599 F.3d at 969.

B. Discussion

Federal Rule 65(b)(1) permits issuance of a temporary restraining order without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Id. Plaintiff has not provided the certification required by this rule. Accordingly, the request for a temporary injunction is defective and must be denied.

Importantly, plaintiff's filing is incomplete. Plaintiff failed to address the elements required under Winter, and did not identify the relief sought. As such, plaintiff's motion is insufficient and is dismissed without prejudice upon a proper showing.

In addition, plaintiff filed his motion before the complaint was screened, and no defendant has been served with process. Until defendants have been served with process, this court lacks personal jurisdiction over them, and may not grant the injunctive relief he seeks. See Fed. R. Civ. P. 65(d)(2); see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend.").

////

Finally, plaintiff's allegations that Butte County Jail staff are poisoning his food and food trays with snake venom are implausible and far-fetched, as are his earlier allegations that he had been "bugged and chipped without his permission." Court records confirm that previously plaintiff was "committed to Napa State Hospital until May 24, 2017, when the court declared him competent to stand trial." People v. Colbourn, No. C085356, 2018 WL 5815551, at *1 (Cal. Ct. App. Nov. 7, 2018), review denied (Jan. 23, 2019), cert. denied sub nom. Colbourn v. California, 140 S. Ct. 225 (2019).

Thus, at this juncture, plaintiff has failed to file an adequate motion for preliminary relief, such that his motion is denied without prejudice to renewal upon a proper showing.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion (ECF No. 7) is denied without prejudice.

Dated: December 11, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/colb2308.den

4