UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORRIN TYLER COLBOURN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DONE, et al.,<br><br>　　　　Defendants. | No. 2:19-cv-2308 JAM KJN P<br><br>ORDER |

Plaintiff is an inmate in the Butte County Jail. By an order filed November 25, 2019, plaintiff was ordered to file a completed in forma pauperis affidavit and a certified copy of his inmate trust account statement, and was cautioned that failure to do so would result in a recommendation that this action be dismissed. The thirty-day period has now expired, and plaintiff has not filed the required documents.

On December 4, 2019, plaintiff stated he had sent the fee waiver to the Butte Jail's Trust Account Department, and would send it to the court when received. (ECF No. 9 at 1.) On December 6, 2019, plaintiff wrote a letter advising that the fee waiver had not been returned, despite plaintiff sending it to the jail department on November 26, 2019. (ECF No. 10 at 1.) On December 16, 2019, plaintiff filed a letter stating that jail staff are refusing to return the fee waiver. (ECF No. 13 at 1.) On December 18, 2019, plaintiff filed a letter again confirming he sent the fee waiver to the Butte County Jail trust office, but that jail staff are refusing to return the

1

fee waiver.  (ECF No. 14 at 1.)  Plaintiff then filed a grievance, No. 19-1523.  (ECF No. 14 at 1.)  On December 26, 2019, plaintiff reiterated that jail officials are refusing to return the fee waiver, and appears to request a civil rights form so that he may file charges against the jail staff.  (ECF No. 15 at 1.)

Good cause appearing, plaintiff is granted an extension of time in which to submit the completed affidavit in support of his request to proceed in forma pauperis.  The Court will also request that the Sheriff of Butte County, along with Butte County Counsel, assist plaintiff in obtaining the certified inmate trust account information required by 28 U.S.C. § 1915(a)(2).  This action may not proceed until the court receives such certified information from the Butte County Jail.

In the meantime, plaintiff is directed to refrain from filing letters to the court.  Plaintiff must allow the court time to review and address a request before filing subsequent, and redundant, requests.  In addition, plaintiff has attached numerous documents and argued the substance of his claims in his letters.  The court is not a repository for plaintiff's evidence, which should not be submitted to the court until necessary to support or oppose a dispositive motion, or at trial.  The court may not screen plaintiff's complaint until plaintiff either pays the court's filing fee or plaintiff is granted leave to proceed in forma pauperis.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff is granted another thirty days in which to submit the certified portion of the request to proceed in forma pauperis, as well as a certified copy of his inmate trust account statement for the six-month period preceding November 15, 2019, the date the complaint was filed;

2. Because the certified inmate trust account information is required under 28 U.S.C. § 1915(a)(2), the undersigned requests that the Butte County Sheriff and the Butte County Counsel assist plaintiff in obtaining such certified documents from the Butte County Jail;

3. The Clerk of the Court is directed to serve a copy of this order, along with a copy of plaintiff's application to proceed in forma pauperis by a prisoner (ECF No. 2), on the following:

////

A. Kory L. Honea, Butte County Sheriff, 6 Gillick Way, Oroville, CA  95965; and

B. Bruce S. Alpert, Butte Counsel Counsel, 25 County Center Dr., Suite 210, Oroville, CA  95965.

Dated:  January 7, 2020

/s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/colb2308.ext