1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ORRIN TYLER COLBOURN,                      No.  2:19-cv-2308 JAM KJN P

12              Plaintiff,

13        v.                                      ORDER

14    DONE, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C.

18  § 1983.  Plaintiff requests that the court appoint counsel.  District courts lack authority to require

19  counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist.

20  Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney

21  to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

22  1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

23  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's

24  likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro

25  se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970

26  (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The

27  burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances

28  ////

                                        1

common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under <u>Palmer</u>, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 20) is denied without prejudice.

Dated:  January 29, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/colb2308.31